UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNIE BENNETT,

    Plaintiff,

v.                                    CASE No. 8:08-CV-1715-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

The plaintiff, who has a high school education (Tr. 102), has worked as a concrete finisher and a parts puller (Tr. 97, 105, 626). The

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

plaintiff filed his present claims for Social Security disability benefits and supplemental security income alleging that he became disabled due to pain in his back, legs, and tailbone (Tr. 235). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments that restricted the plaintiff to a range of light work (Tr. 416). Based upon the testimony of a vocational expert, the law judge concluded that there were jobs in significant numbers in the national economy that the plaintiff could perform (id.). The law judge therefore decided that the plaintiff was not disabled (Tr. 417).

Upon the plaintiff's request for review, the Appeals Council remanded the matter for another hearing (Tr. 419-21). The Appeals Council pointed to deficiencies in the assessment of the plaintiff's mental impairment (Tr. 419-20).

Upon remand, the same law judge conducted another hearing, at which time the plaintiff was fifty-one years old (see Tr. 619). In his decision, the law judge found that the plaintiff has severe impairments of cocaine

abuse, low back pain, asthma, and depression (Tr. 20). He concluded that the plaintiff has the following residual functional capacity (Tr. 22):

> [T]he undersigned finds that the claimant has the residual functional capacity to perform light work with a sit/stand option with occasional limitations for bending, stooping, crouching and climbing. Secondary to his mental limitations, the claimant has occasional limitations for concentrating on tasks assigned and interacting with the public but capable of performing simple, routine repetitive tasks.

The law judge found that, with these limitations, the plaintiff could not return to prior work (Tr. 25). However, he concluded further, based upon the testimony of a vocational expert, that the plaintiff could perform other jobs that exist in substantial numbers in the national economy, such as a produce sorter, bench assembler, solderer, and marking clerk (Tr. 26-27). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 27). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, the plaintiff must show that he became disabled before his insured status expired on September 30, 2001, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision primarily on the ground that the law judge failed to give proper weight to the opinion of a treating physician that the plaintiff could only occasionally reach (Doc. 17). That argument is premised on the opinion of the plaintiff's treating neurosurgeon, Dr. Lawrence H. Fink, who opined in April 1999 that the plaintiff could only reach occasionally (Tr. 284). However, Dr. Fink's subsequent opinions do not include or support that limitation.

On March 1, 1999, Dr. Fink performed on the plaintiff's back a "[l]umbar laminectomy, microsurgical decompression and Ray threaded cage lumbar interbody fusion" (Tr. 270). On April 22, 1999, Dr. Fink filled out a Physical Capacities Assessment Form that, among other things, limited the plaintiff to occasional reaching (Tr. 284). Notably, that opinion was stated just eight days after the plaintiff injured his right shoulder when he apparently lost his balance on a bus (Tr. 370). Further, it was not until June 8, 1999, at the plaintiff's three-month postoperative visit, that Dr. Fink declared that the plaintiff had reached his maximum medical improvement (Tr. 167).

At that point, Dr. Fink did not include a reaching restriction in his assessment of the plaintiff's ability to work. Thus, the neurosurgeon

concluded on June 8, 1999, that "[t]here is no neurosurgical contraindication to the patient's return to work in a light duty capacity. Restrictions include avoidance of heavy lifting (in excess of 25 lbs.); avoidance of prolonged standing or sitting; and avoidance of those activities likely to be provocative of lower back pain (e.g. bending, twisting, stooping, pulling)" (id.). In other words, Dr. Fink specified certain functional limitations, but did not include one regarding reaching. The clear conclusion from this is that, within three months of his back surgery, Dr. Fink determined that the plaintiff did not have a reaching limitation. And, Dr. Fink expressed the same conclusion a year later (Tr. 270-71).

In addition, there is included in the record an undated note from Dr. Fink's office that states "[w]hen [the plaintiff] calls Dr. Fink says no disability. He is disabled from his previous profession but not all jobs" (Tr. 279)(emphasis in original).

The plaintiff argues that the law judge "did not adequately explain why he rejected the opinion of Dr. Fink that the Plaintiff could only occasionally perform reaching activities" (Doc. 17, p. 7). That opinion was an isolated one that was stated only once by Dr. Fink, and never repeated. As

indicated, it was made less than two months after back surgery and just eight days after an injury to the right shoulder.

Significantly, the law judge gave Dr. Fink's opinion controlling weight in this case (Tr. 25). Under the circumstances, Dr. Fink's listing of occasional reaching once on a form less than two months after serious surgery, and shortly after a shoulder injury, would reasonably fall under the principle that the law judge is not required in his decision to refer specifically to every piece of evidence. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). Significantly, no other doctor, whether treating, examining, or reviewing, opined that the plaintiff is limited to occasional reaching.

Furthermore, the law judge cannot reasonably be faulted for not mentioning the reaching limitation in his 2007 decision because the plaintiff did not assert such a limitation at the hearing on remand. At the first hearing on the plaintiff's claims, the plaintiff testified to a reaching limitation (Tr. 592-93). Moreover, the plaintiff's representative cross-examined the vocational expert concerning such a limitation (Tr. 602-03). The law judge in his decision considered the plaintiff's claim that he had trouble reaching, and found that the shoulder trauma was not severe (Tr. 411). Accordingly,

he did not include any reaching limitation in his residual functional capacity determination (Tr. 414).

At the hearing in 2007 after remand, the plaintiff was represented by the same representative. At that hearing, the representative did not ask any questions about reaching, and the plaintiff did not otherwise testify regarding a problem with reaching. Further, the representative did not cross-examine the vocational expert (who was also the same) about a reaching limitation. Thus, from all that appears, the plaintiff abandoned any contention of a reaching limitation at the 2007 hearing because it was completely unsuccessful at the prior hearing. Moreover, any contention about a reaching problem would be severely undercut by the plaintiff's testimony at the 2007 hearing that the plaintiff, while in prison in 2005-06, worked at a job that consisted of three to four hours of wiping tables (Tr. 619).

In other words, in 2001 the law judge was presented with an alleged limitation regarding reaching, which he considered and discounted. In 2007, he was not presented with any testimony regarding a reaching limitation and, reasonably enough, did not see the need to address such a contention. The lack of a discussion in the 2007 decision about a reaching

problem, consequently, is not error at all, and it certainly is not reversible error.

The plaintiff has raised as a second issue the contention that the law judge failed to include any limitations regarding reaching in his questions to the vocational expert (Doc. 17, pp. 7-9). In light of the implicit conclusion in the 2007 decision (which was explicit in the 2001 decision) that the plaintiff did not have a reaching restriction, this argument is meritless. Thus, the law judge is not required to include in the hypothetical question allegations that have been properly rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

The plaintiff asserts that the vocational expert testified that the plaintiff could not perform the three jobs the expert identified if the plaintiff were limited to only occasional reaching (Doc. 17, p. 9). That testimony was adduced at the 2001 hearing (and was rendered immaterial by the law judge's finding that the plaintiff did not have a reaching restriction). At the 2007 hearing, the expert also identified the job of marking clerk, and there was no testimony from the expert indicating that that job requires more than occasional reaching. Accordingly, the plaintiff has failed to carry his burden

of showing that, even if he had a reaching limitation, he could not perform the job of marking clerk. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 21st day of October, 2009.

*[signature]*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE